UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JIMMY E. BULLOCK                                CIVIL ACTION NO. 14-cv-2802

VERSUS                                          JUDGE HICKS

LAURI JANAE FLENNIGAN                           MAGISTRATE JUDGE HORNSBY
MILLER SUCCESSION

## MEMORANDUM ORDER

Jimmy Bullock filed this civil action against the Succession of Lauri Janae Flennigan
Miller.  He alleges that Ms. Miller, before she died, drove her vehicle in a negligent manner
and caused an accident that seriously injured Mr. Bullock.  The complaint alleges that Miller
did not have any liability insurance coverage for the accident.

An answer has been filed on behalf of the succession by Jeff L. Flenniken, who states
that he was appointed provisional administrator of the succession.  He represents that the
estate has no assets whatsoever and no funds to employ an attorney.  He agrees with Mr.
Bullock that there is no known liability insurance to cover the accident.

Corporations, partnerships, successions, or other fictional legal persons cannot appear
for themselves or through persons who are not licensed as attorneys.  They must be
represented in federal court by an attorney who is admitted to the court.  Southwest Express
Co. v. Interstate Commerce Commission, 670 F.2d 53, 55 (5th Cir. 1982).  See also Memon
v. Allied Domecq Qsr, 385 F.3d 871, 873 (5th Cir. 2004); U.S. v. Trowbridge, 251 F.3d 157

(5th Cir. 2001); and <u>KMA, Inc. v. General Motors Acceptance Corp.</u>, 652 F.2d 398, 399 (5th Cir. 1981).

The court entered an earlier oder (Doc. 5) and noted there is no indication that the answer filed by the succession was signed by a person who is an attorney admitted to the bar of this court.  The Fifth Circuit has affirmed a district court that struck defenses offered by an entity that purported to appear through a non-lawyer.  <u>Donovan v. Road Rangers Country Junction, Inc.</u>, 736 F.2d 1004, 1005 (5th Cir. 1984).  But the Court suggested in <u>Memon</u> that a district court should expressly warn or formally order the entity to retain counsel before the court takes the harsh measures of striking pleadings or dismissing claims with prejudice. <u>Memon</u>, 385 F.3d at 874.

In accordance with Memon, the order notified the succession that its answer could be stricken and a default entered against it without further notice if the succession did not make an appearance through a licensed attorney by December 15, 2014.  That deadline has passed, and the succession has not enrolled counsel or submitted anything further to the court.  Accordingly, the succession's answer (Doc. 4) is stricken, and the clerk of court is directed enter a default against the succession.

Plaintiff, Mr. Bullock, is now directed to file by **January 23, 2015** a **Motion for Default Judgment** that is fully supported by affidavits, documentation or other evidence sufficient to prove the validity of service of process, the liability of defendant, and the extent of damages suffered.  The motion shall be supported by a memorandum that explains the

legal basis for liability and damages, and that states whether an evidentiary hearing is necessary to assess the amount of damages.  The motion must be accompanied by a proposed judgment. If Bullock does not take the steps required by this order, his complaint may be dismissed for failure to prosecute.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of December, 2014.

Mark L. Hornsby
U.S. Magistrate Judge